## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PRS INSURANCE GROUP, INC., *et al.*, | ) Case No. 00-4070 (MFW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

| | |
|---|---|
| SEAN LOGAN, IN HIS CAPACITY AS | ) |
| CHAPTER 11 TRUSTEE OF | ) |
| PRS INSURANCE GROUP, INC., | ) |
| PRS CAPTIVE INVESTMENT FUND, | ) |
| PRS MANAGEMENT GROUP, INC., | ) |
| PRS SURETY BOND AGENCY, INC., | ) |
| PRS ENTERPRISES, INC., | ) |
| PRS ENTERPRISES INSURANCE SERVICES, INC., | ) |
| PRS BENEFITS SERVICES, INC., | ) |
| PRS MANAGEMENT SERVICES, INC., | ) |
| ENTERPRISE GROUP INSURANCE CO, LTD., | ) |
| PRS INSURANCE HOLDINGS (BARBADOS), LTD., | ) |
| PRS GUARANTY INSURANCE LIMITED, and | ) |
| BROOKWELL INSURANCE CO., LTD. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adversary Proceeding |
| | ) No. 05-50818 |
| CREDIT GENERAL INSURANCE COMPANY | ) |
| And | ) |
| CREDIT GENERAL INDEMNITY COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) **Ref. Docket No. 38** |

## MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO APPEAL
## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND ORDER DENYING
## MOTION FOR RECONSIDERATION AND CLARIFICATION/
## CORRECTION OF THE ORDER DENYING DEFENDANTS' MOTION TO DISMISS

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Maureen D. Luke (No. 3062)
Edward J. Kosmowski (No. 3849)
The Brandywine Building, 17th Floor
1000 West Street, PO Box 391
Wilmington, Delaware 19899-0391

BINGHAM McCUTCHEN LLP
Harold S. Horwich
Stephen M. Hryniewicz
One State Street
Hartford, Connecticut 06103

## TABLE OF AUTHORITIES

**Page**

Cases

Bachowski v. Usery,
  545 F.2d 363 (3d Cir. 1976)............................................................8

Bowie Produce Co., Inc. v. Magic American Café, Inc.
  (In re Magic Restaurants, Inc.),
  202 B.R. 24 (D. Del. 1996)........................................................2, 7, 8

Buford v. Sun Oil,
  319 U.S. 315 (1943)..............................................................5, 6

Canal Corp. v. Finnman
  (In re Johnson),
  960 F.2d 396 (4th Cir. 1992) ......................................................11

Coopers & Lybrand v. Livesay,
  437 U.S. 463 (1978)...............................................................8

D. M. Barber, Inc. v. Valverde
  (In re D.M. Barber, Inc.),
  13 B.R. 962 (Bankr. N.D. Tex. 1981) .........................................11, 12

Dal-Tile Intl, Inc. v. Color Tile, Inc.,
  203 B.R. 554 (D. Del. 1996)........................................................7

Dollar Saver Stores, Inc. v. Brown,
  49 B.R. 510 (Bankr. D. Nev. 1985) ...............................................10

First American Bank of New York v. Century Glove, Inc.,
  64 B.R. 958 (D. Del. 1986).........................................................7

First American Bank of New York v. Southwest Gloves and Safety Equip., Inc.,
  64 B.R. 963 (D. Del. 1986).........................................................7

Granfinanciera, S.A. v. Nordberg,
  492 U.S. 33 (1989)...............................................................10

Gross v. Weingarten,
  217 F.3d 208 (4th Cir. 2000) ......................................................12

In re: A.S.K. Plastics, Inc.,
  No. Civ. A. 04-2701, 2004 WL 1903322 (E.D. Pa. Aug. 24, 2004)....................8

In re Comstock Financial Svcs.,
  111 B.R. 849 (Bankr. C.D. Cal. 1990)` .........................................11

In re D. M. Barber, Inc.,
  13 B.R. 962 (Bankr. N.D. Tex. 1981)............................................12

DB02:5149477.1                                                          058421.1001

## TABLE OF AUTHORITIES

<u>Page</u>

*In re Delaware and Hudson Railway Company,*
 96 B.R. 469 (D. Del. 1989)..................................................................................................7

*In re Magic Marker Secs. Litigation,*
 472 F. Supp. 436 (E.D. Pa. 1979) ......................................................................................9

*In re Marvel Entertainment,*
 209 B.R. 832 (D. Del. 1997)...............................................................................................8

*In re Mirant Corp.,*
 316 B.R. 234 (Bankr. N.D. Tex. 2004)..............................................................................11

*In re PCH Assoc.,*
 122 B.R. 181 (Bankr. S.D.N.Y. 1990)...............................................................................11

*In re United States Lines,*
 199 B.R. 476 (Bankr. S.D.N.Y. 1996)...............................................................................11

*In re White Beauty View, Inc.,*
 841 F.2d 524 (3d Cir. 1988)................................................................................................8

*Koken v. Cologne Re (Barbados),*
 34 F. Supp. 2d 240 (M.D. Pa. 1999).................................................................................12

*Langenkamp v. Culp,*
 498 U.S. 42 (1990)............................................................................................................10

*Logan v. Credit Gen. Ins. Co.*
 *(In re PRS Ins. Group, Inc.),*
 294 B.R. 609 (Bankr. D. Del. 2003) ...................................................................................4

*Logan v. Credit General Ins. Co.,*
 No. 04-319-SLR (D. Del. March 31, 2005)...............................................................4, 5, 10

*Massachusetts Air Conditioning & Heating Corp. v. United States*
 *(In re Massachusetts Air Conditioning & Heating Corp.),*
 No. 93-11850, 1994 Bankr. LEXIS 1560 (Bankr. D. Mass. Sept. 23, 1994) ......................10

*Milbert v. Bison Laboratories,*
 260 F.2d 431 (3d Cir. 1958)................................................................................................8

*Official Comm. Of Unsecured Creditors of 360networks (USA) Inc. v.*
 *Pub. Util. Comm'n of California*
 *(In re 360networks (USA) Inc.),*
 316 B.R. 797 (Bankr. S.D.N.Y. 2004)...............................................................................10

*Orson, Inc. v. Miramax Film Corp.,*
 867 F. Supp. 319 (E.D. Pa. 1994) ..............................................................................8, 9, 13

## TABLE OF AUTHORITIES

**Page**

Ossen v. Dep't of Soc. Svcs.
(In re Charter Oak Assocs.),
361 F.3d 760 (2d. Cir. 2004)..........................................................................10

P. Schoenfeld Asset Management, LLC v. Cendant Corp.,
161 F. Supp. 2d 355 (D. N.J. 2001) ..................................................................8

Pepper v. Litton,
308 U.S. 295 (1939)........................................................................................12

Piazza v. Major League Baseball,
836 F. Supp. 269 (E.D. Pa. 1993) .....................................................................8

Rottmund v. Cont'l Assur. Co.,
813 F. Supp. 1104 (E.D. Pa. 1992) ...................................................................8

Sporck v. Peil,
759 F.2d 312 (3d Cir. 1985)..............................................................................8

Suter v. Munich Reinsurance Co.,
223 F.3d 150 (3d Cir. 2000)............................................................................12

United States v. Rhodey
(In re R & W Enters.),
181 B.R. 624 (Bankr. N.D. Fla. 1994) ............................................................11

Victor v. Edison Brothers Stores, Inc.
(In re Edison Brothers Stores, Inc.),
No. CIV. A. 96-177-SLR, 1996 WL 363806 (D. Del. June 27, 1996) ..................7

Younger v. Harris,
401 U.S. 37 (1971)............................................................................................6

Zygmuntowicz v. Hospitality Invs., Inc.,
828 F. Supp. 346 (E.D. Pa. 1993) .....................................................................9


**Statutes**

11 U.S.C. § 502.................................................................................................13

11 U.S.C. § 502(d)......................................................................................passim

11 U.S.C. § 510(c)............................................................................................12

28 U.S.C. § 157(b)(2)(B)..............................................................................9, 10

28 U.S.C. § 158(a) .............................................................................................7

28 U.S.C. § 1292(b)......................................................................................7, 8

DB02:5149477.1                                                                              058421.1001

## TABLE OF AUTHORITIES

<u>Page</u>

28 U.S.C. § 1334.............................................................................................................10


**Other Authorities**

4 Collier on Bankruptcy ¶ 502.030[1][a]
  (Alan N. Resnick & Henry J. Sommer eds. 15th ed. Rev. 2005) ...........................................13

Interlocutory Appeals in the Federal Courts Under 28 U.S.C. § 1292(b),
  88 Harv. L. Rev. 607 (1975) .............................................................................................8

McCarran-Ferguson Act ...........................................................................................passim

Ohio Liquidation Act ..............................................................................................5, 10

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PRS INSURANCE GROUP, INC., *et al.*, | ) Case No. 00-4070 (MFW) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| SEAN LOGAN, IN HIS CAPACITY AS | ) |
| CHAPTER 11 TRUSTEE OF | ) |
| PRS INSURANCE GROUP, INC., | ) |
| PRS CAPTIVE INVESTMENT FUND, | ) |
| PRS MANAGEMENT GROUP, INC., | ) |
| PRS SURETY BOND AGENCY, INC., | ) |
| PRS ENTERPRISES, INC., | ) |
| PRS ENTERPRISES INSURANCE SERVICES, INC., | ) |
| PRS BENEFITS SERVICES, INC., | ) |
| PRS MANAGEMENT SERVICES, INC., | ) |
| ENTERPRISE GROUP INSURANCE CO, LTD., | ) |
| PRS INSURANCE HOLDINGS (BARBADOS), LTD., | ) |
| PRS GUARANTY INSURANCE LIMITED, and | ) |
| BROOKWELL INSURANCE CO., LTD. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adversary Proceeding |
| | ) No. 05-50818 |
| CREDIT GENERAL INSURANCE COMPANY | ) |
| And | ) |
| CREDIT GENERAL INDEMNITY COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) **Ref. Docket No. 38** |

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO APPEAL
ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND ORDER DENYING
MOTION FOR RECONSIDERATION AND CLARIFICATION/
CORRECTION OF THE ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Sean C. Logan, Chapter 11 Trustee (the "Trustee") of PRS Insurance

Group, Inc., together with its debtor subsidiaries[1] (collectively, the "PRS Group"), hereby files this memorandum in opposition to the motion for leave to appeal the Bankruptcy Court's order denying the defendant's motion for reconsideration and clarification/correction of the order denying defendants' motion to dismiss [Docket No. 38] (the "Motion for Leave to Appeal") of Ann H. Womer Benjamin, Superintendent of Insurance, Ohio Department of Insurance (the "Liquidator"), in her capacity as Liquidator of Credit General Insurance Company and Credit General Indemnity Company (collectively, "CGIC"), and respectfully represents as follows:

## I.    *Introduction*

1.      The Liquidator's Motion for Leave to Appeal must be denied.  Leave to appeal an interlocutory ruling may be granted "only where the appellant establishes that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." *Bowie Produce Co., Inc. v. Magic American Café, Inc. (In re Magic Restaurants, Inc.)*, 202 B.R. 24, 26 (D. Del. 1996).  Exceptional circumstances justifying an immediate appeal of an interlocutory ruling exist only "when the order at issue (1) involves a controlling question of law upon which there is (2) substantial difference of opinion, and (3) when immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*  Such exceptional circumstances do not exist in this case.

2.      The question of law at issue here is not "controlling" and there is not a substantial ground for a difference of opinion on it.  Moreover, resolution of that issue will not hasten the resolution of the litigation.  (To the contrary, it will prolong it.)

---

[1]      The debtor subsidiaries are PRS Captive Investment Fund, PRS Management Group, Inc., PRS Surety Bond Agency, Inc., PRS Enterprises, Inc., PRS Enterprises Insurance Services, Inc., PRS Benefits Services, Inc., PRS Management Services, Inc., Enterprise Group Insurance Co., Ltd., PRS Insurance Holdings (Barbados), Ltd., PRS Guaranty Insurance Limited, and Brookwell Insurance Co., Ltd.

3.      The issue addressed by the Bankruptcy Court was "whether the McCarran-Ferguson Act prevents this Court from exercising jurisdiction over the chapter 11 Trustee's suit which seeks a determination that CGIC is liable to the estate for preferential or fraudulent transfers, solely as an objection to the proof of claim filed by CGIC." [Docket No. 21, "Memorandum Opinion," p.1.]. The Bankruptcy Court correctly held that it has jurisdiction over CGIC's claim against the PRS Group and rejected the Liquidator's argument that CGIC is different from other claimants because it is the subject of liquidation proceedings pending before the Franklin County, Ohio Court of Common Pleas (the "Ohio Court").

4.      The Liquidator argues that there is potential for duplication of efforts by the litigants and the two courts. However, if this injury occurs, CGIC has inflicted it on itself. First, CGIC was under no obligation to file a claim against the PRS Group. It did so in order to pursue claims. Second, the duplication of effort would only arise if the Liquidator maintained that all of the litigation effort in the Bankruptcy Court must be discarded in the Ohio Court. While it is free to advance this position, it is not necessary for it to do so.

5.      The Trustee has filed a reorganization plan in this case. Confirmation of the plan is stalled pending the resolution of this adversary proceeding. Consigning the litigation over equitable subordination to the Ohio Court places the future of this Chapter 11 case entirely in the hands of the Liquidator, who has not sought judicial determination of any claims filed by the Trustee during the last four years in which they have been pending.

6.      The Liquidator's Motion for Leave to Appeal therefore should be denied.

## II.    *Background*

7.      In June 2000, the Ohio Department of Insurance ("ODI") placed CGIC under supervision. CGIC was one of the principal subsidiaries of PRS Insurance Group, Inc. ("PRS"), which served as a holding company for insurance-related businesses. Because PRS

058421.1001

was not an Ohio insurance company, it was not under direct supervision of the ODI. Nevertheless, for fear of the potential consequences of non-cooperation, PRS agreed to submit to the supervision orders of the ODI.

8.      At first, the ODI attempted to sell CGIC. To enhance CGIC's marketability, the ODI engineered the transfer of approximately $20 million in assets from PRS to CGIC for little or no consideration. When no buyer was forthcoming, the ODI moved the liquidation of CGIC, which is currently under a Final Order of Liquidation in the Court of Common Pleas, Franklin County, Ohio (the "Ohio State Court"). Pursuant to that Order, PRS is prohibited from commencing a civil action against CGIC to recover the $20 million in transfers. PRS did, however, file a proof of claim in the Ohio liquidation proceeding. To date, there has been no final adjudication of that claim.

9.      On October 31, 2000, an involuntary chapter 7 petition was filed against PRS. On January 19, 2001, the case was converted to chapter 11, and on June 1, 2001, the Court appointed Sean C. Logan (the "Trustee") as the chapter 11 trustee.

10.     On April 30, 2002, CGIC filed a proof of claim in PRS's bankruptcy case for $45 million, largely based on inter-company receivables allegedly owed by PRS. The Trustee objected to CGIC's proof of claim on January 22, 2003.

11.     At the same time, the Trustee filed an adversary proceeding against CGIC for avoidance of fraudulent and preferential transfers, turnover, and breach of fiduciary duties (the "First Action"). On motion of CGIC, the Court dismissed the First Action on June 11, 2003, concluding that the Trustee's claims for affirmative recovery were reverse preempted under the McCarran-Ferguson Act. *Logan v. Credit Gen. Ins. Co. (In re PRS Ins. Group, Inc.)*, 294 B.R. 609, 612-13 (Bankr. D. Del. 2003). The District Court affirmed that decision. *Logan v. Credit General Ins. Co.*, No. 04-319-SLR (D. Del. March 31, 2005). However, the Court stated that:

4

> I agree with the Trustee that nothing in the McCarran-Ferguson
> Act or in Ohio's Liquidation Act precludes the Trustee from
> asserting defenses in the bankruptcy proceeding pursuant to 11
> U.S.C. §§ 502(d) and 510(c) to the claim filed by the liquidator.
> Indeed, if this were not the case, a liquidator would have carte
> blanche access to the assets of a bankrupt's estate. The problem I
> have with the Trustee's position is that the complaints he filed in
> the adversary proceedings are not simply defensive, but seek
> affirmative relief as well. Without a good faith indication (e.g.,
> filing an amended complaint) that he seeks only to defend against
> CGIC's claim and not to seek affirmative monetary recovery
> against the liquidator, I cannot find error in the bankruptcy court's
> determination that the adversary proceedings "impair" the Ohio
> Liquidation Act and is reverse preempted by the McCarran-
> Ferguson Act.

*Logan v. Credit General Ins. Co.*, No. 04-319-SLR (D. Del. March 31, 2005), slip op. at 6.

12.    On April 11, 2005, the Trustee filed the instant adversary proceeding,

asserting the same causes of action as the First Action.[2] This time, however, the Trustee clarified

that he is not seeking any "affirmative" recovery, but merely raises the action as a "defense"

under section 502(d) to the allowance of CGIC's claim.

13.    On May 11, 2005,[3] the Liquidator filed her Motion to Dismiss and an

accompanying memorandum of law [Docket Nos. 5 and 6]. The Liquidator's Motion to Dismiss

is essentially identical to the one that she filed in the First Action. The Liquidator again argued

that the McCarran-Ferguson Act reverse preempts Bankruptcy Code § 502(d) and the

Bankruptcy Court's jurisdiction over the instant adversary proceedings. In the alternative, the

Liquidator requested that the Bankruptcy Court abstain from hearing this adversary proceeding

in favor of CGIC's liquidation proceedings pending before the Ohio Court under the doctrines of

*Younger v. Harris*, 401 U.S. 37 (1971) or *Buford v. Sun Oil*, 319 U.S. 315 (1943) or issue an

---

[2]    The Trustee has also filed a separate adversary proceeding seeking equitable subordination of CGIC's claim under section 510(c) of the Bankruptcy Code.

[3]    Pursuant to an stipulation between the Liquidator and the PRS Group, the Motion to Dismiss was deemed to be in response to the Amended Complaint filed on May 19, 2005.

order staying this adversary proceeding until the Ohio Court resolves the proof of claim filed by

the PRS Group against CGIC. The Trustee opposed the Motion to Dismiss.

### A.    *The Court's Rulings*

14.    On September 23, 2005, the Bankruptcy Court entered an Order and

Memorandum Opinion denying the Liquidator's Motion to Dismiss. The Bankruptcy Court held

that it had exclusive jurisdiction to determine whether CGIC's claim should be disallowed under

Bankruptcy Code § 502(d) and that prosecution of the Trustee's action would not interfere with

CGIC's liquidation proceedings because "the Trustee is not affirmatively seeking any relief

against CGIC and is not attempting to control the assets of CGIC by asserting affirmative

claims" and therefore the McCarran-Ferguson Act did not deprive it of subject matter

jurisdiction. [Memorandum Opinion, p. 11]. The Bankruptcy Court also held that it would not

exercise its discretion to dismiss or stay this adversary proceeding on abstention grounds. The

Bankruptcy Court stated that "[a]bstention in this case under the <u>Younger</u> doctrine is not

appropriate because the Ohio liquidation proceeding does not afford an adequate opportunity for

the Trustee to raise his bankruptcy causes of action. As noted above, the Ohio State Court does

not have jurisdiction to adjudicate those causes of action because they arise under the

Bankruptcy Code." [Memorandum Opinion, p. 15]. The Bankruptcy Court further stated that

"[b]ecause, as noted above, the Ohio State Court does not have jurisdiction over the preference

and fraudulent conveyance claims asserted by the Trustee (which are legal and not equitable), the

Court concludes that <u>Buford</u> abstention is not warranted" [Memorandum Opinion, p. 17].

15.    On October 3, 2005, the Liquidator filed her Motion for Reconsideration

and Clarification/Correction of the Order Denying Defendants' Motion to Dismiss [Docket No.

26]. On December 16, 2005, the Bankruptcy Court entered an Order [Docket No. 36] and

Memorandum Opinion [Docket No. 35] denying the Liquidator's Motion for Reconsideration.

6

**III.    *The Liquidator's Motion for Leave to Appeal Should be Denied***

16.    The Liquidator's Motion for Leave to Appeal must be denied. Leave to appeal an interlocutory ruling may be granted only "when the order at issue (1) involves a controlling question of law upon which there is (2) substantial difference of opinion, and (3) when immediate appeal from the order may materially advance the ultimate termination of the litigation." *Bowie Produce Co., Inc. v. Magic American Café, Inc. (In re Magic Restaurants, Inc.)*, 202 B.R. 24, 26 (D. Del. 1996). Such exceptional circumstances do not exist in this case.

**A.    *Standard for Granting Appeals from Interlocutory Orders***

17.    Courts should entertain an appeal of an interlocutory ruling of the bankruptcy court pursuant to 28 U.S.C. § 158(a) "only where the appellant establishes that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." *Bowie Produce Co., Inc.*, 202 B.R. at 26.

18.    Although 28 U.S.C. § 158(a) provides no guidance as to the standard used to grant leave, district courts often turn to 28 U.S.C. § 1292(b), the section describing the criteria for interlocutory appeal from a district court to the Court of Appeals, for guidance on how to judge an interlocutory appeal from a bankruptcy court. *Dal-Tile Intl, Inc. v. Color Tile, Inc.*, 203 B.R. 554, 557 (D. Del. 1996); *Victor v. Edison Brothers Stores, Inc. (In re Edison Brothers Stores, Inc.)*, No. CIV.A.96-177-SLR, 1996 WL 363806 (D. Del. June 27, 1996); *In re Delaware and Hudson Railway Company*, 96 B.R. 469, 472-73 (D. Del. 1989); *First American Bank of New York v. Century Glove, Inc.*, 64 B.R. 958, 961-62 (D. Del 1986); *First American Bank of New York v Southwest Gloves and Safety Equip., Inc.*, 64 B.R. 963, 966-67 (D. Del. 1986).

19.    This section provides for discretion to grant interlocutory appeals on a relatively limited basis:

7

> When a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the opinion that
> such order involves a controlling question of law as to which there
> is substantial ground for difference of opinion and that an
> immediate appeal from the order may materially advance the
> ultimate termination of the litigation, he shall so state in writing in
> such order.

28 U.S.C. § 1292(b).

20.    Appeals of interlocutory rulings under 28 U.S.C. § 1292(b) are granted

sparingly. Many years ago, the Third Circuit set a very high standard for granting interlocutory

appeals under 28 U.S.C. § 1292(b), noting that "[i]t is to be used only in exceptional cases where

an intermediate appeal may avoid protracted and expensive litigation and is not intended to open

the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation."

*Milbert v. Bison Laboratories*, 260 F.2d 431, 433 (3d Cir. 1958); *see also Sporck v. Peil,* 759

F.2d 312, 315 n.4 (3d Cir. 1985). In fact, "[t]he notion that § 1292(b) applies only to

"exceptional" cases appears throughout its statutory history." Note, Interlocutory Appeals in the

Federal Courts Under 28 U.S.C. s 1292(b), 88 Harv. L. Rev. 607, 625 n.80 (1975); *see also*

*Coopers & Lybrand*, 437 U.S. 463, 475 n.25 (1978). Further, "a court should exercise its

discretion mindful of the strong policy against piecemeal appeals." *Orson, Inc. v. Miramax Film*

*Corp.*, 867 F. Supp. 319, 321 (E.D.Pa. 1994) (citing *Piazza v. Major League Baseball*, 836 F.

Supp. 269, 271 (E.D.Pa. 1993)); *see also Rottmund v. Cont'l Assur. Co.*, 813 F. Supp. 1104,

1112 (E.D. Pa. 1992); *In re: A.S.K. Plastics, Inc.*, No. Civ.A.04-2701, 2004 WL 1903322

(E.D.Pa. Aug. 24, 2004) (citing *In re White Beauty View, Inc.,* 841 F.2d 524, 526 (3d Cir. 1988)).

"Certification is not mandatory even if the three criteria are met; rather, certification is wholly

discretionary." *P. Schoenfeld Asset Management, LLC v. Cendant Corp.*, 161 F. Supp. 2d 355,

358 (D. N.J. 2001) (citing *Bachowski v. Usery,* 545 F.2d 363, 368 (3d Cir. 1976)).

8

21.    In order for there to be a substantial difference of opinion warranting an immediate appeal of an interlocutory ruling, there must be a direct, on-point conflict between judicial decisions rather than a void of authority, *Bowie Produce Co, Inc. v. Magic American Café, Inc. (In re Magic Restaurants, Inc.)*, 202 B.R. 24, 26 (D. Del. 1996) ("courts have determined that a finding that a dearth of opinion exists *as well as* a judicial conflict on the issue is required to conclude that substantial ground for difference of opinion exists."), or the bankruptcy court's decision must be directly contrary to well-established law. *In re Marvel Entertainment*, 209 B.R. 832 (D. Del. 1997).

22.    Additionally, leave to appeal an interlocutory ruling may only be granted if the appeal will lead to the ultimate termination of the litigation. "In determining whether certification will materially advance the ultimate termination of the litigation, a district court is to examine whether an immediate appeal would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Orson, Inc.*, 867 F. Supp. at 322 (citing *Zygmuntowicz v. Hospitality Invs., Inc.,* 828 F. Supp. 346, 353 (E.D.Pa. 1993), further citing *In re Magic Marker Secs. Litigation,* 472 F. Supp. 436, 439 (E.D.Pa. 1979)). "Although the moving party is not required to demonstrate that an interlocutory appeal would certainly expedite the case, he should advance something more than mere conjecture that certification would substantially reduce time and expense." *Zygmuntowicz,* 828 F. Supp. at 353.

### B.    The Liquidator's Motion for Leave to Appeal Should Not Be Granted

23.    The Liquidator has failed altogether to show "extraordinary circumstances" that justify an interlocutory appeal that will grind adjudication of both this specific adversary proceeding <u>and</u> the entire bankruptcy proceeding to a halt.

DB02:5149477.1                                                                                                                                                              058421.1001

24.    First, the Bankruptcy Court's rulings were correctly decided and are not

the subject of a substantial difference of opinion. The Bankruptcy Court's rulings are in accord

with this Court's ruling in the previous appeal in this case, where it unambiguously stated that

"nothing in the McCarran-Ferguson Act or the Ohio Liquidation Act precludes the Trustee from

asserting defenses in the bankruptcy proceeding pursuant to 11 U.S.C. § 502(d) and 510(c) to the

claim filed by the liquidator." *Logan v. Credit General Ins. Co.*, No. 04-319-SLR (D. Del.

March 31, 2005), slip op. at 6.

25.    The proposition that the Bankruptcy Court has subject matter jurisdiction

over claims filed in a bankruptcy case is beyond dispute. "In core proceedings brought to

determine the allowance or disallowance of a claim, there is but one forum: the bankruptcy

court." *Dollar Saver Stores, Inc. v. Brown*, 49 B.R. 510 (Bankr. D. Nev. 1985). *See also* 28

U.S.C. §§ 157(b)(2)(B) and 1334.

26.    Moreover, by filing a proof of claim in this case, CGIC submitted to the

Bankruptcy Court's jurisdiction, which includes the power to adjudicate CGIC's claim. *See*

*Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (stating that "by filing a claim against a bankruptcy

estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby

subjecting himself to the bankruptcy court's equitable power"); *Granfinanciera, S.A. v.*

*Nordberg*, 492 U.S. 33, 59 n.14 (1989) (stating that "by submitting a claim against the

bankruptcy estate, creditors subject themselves to the court's equitable power to disallow those

claims . . ."); *Ossen v. Dep't of Soc. Svcs. (In re Charter Oak Assocs.)*, 361 F.3d 760, 769-70 (2d.

Cir. 2004) (holding that the filing of a proof of claim by a governmental unit was a waiver of

sovereign immunity with respect to permissive, as well as compulsory, counterclaims so long as

they are capped by the amount of the claim); *Official Comm. of Unsecured Creditors of*

*360networks (USA) Inc. v. Pub. Util. Comm'n of California (In re 360networks (USA) Inc.)*, 316

10

B.R. 797, 805 n.11 (Bankr. S.D.N.Y. 2004) (stating that "the application of § 502(d) to disallow a claim of a California instrumentality would be entirely consistent with the spirit and rationale" of cases holding that a state waives sovereign immunity by filing a proof of claim); *Massachusetts Air Conditioning & Heating Corp. v. United States (In re Massachusetts Air Conditioning & Heating Corp.)*, No. 93-11850, 1994 Bankr. LEXIS 1560, at *6 (Bankr. D. Mass. Sept. 23, 1994) (stating that "[a] creditor's failure to remit a preferential transfer is thus a complete defense to that creditor's claim against the bankruptcy estate [under section 502(d)]. Certainly the United States must be deemed to have waived its immunity as to the issues raised by its own claim.").

27.    In fact, many courts have held that the bankruptcy court has *exclusive* jurisdiction to rule on the allowance of a claim. *See In re Mirant Corp.*, 316 B.R. 234, 250 n.10 (Bankr. N.D. Tex. 2004) (*quoting United States v. Rhodey (In re R & W Enters.)*, 181 B.R. 624, 643 (Bankr. N.D. Fla. 1994)); *In re United States Lines*, 199 B.R. 476, 480 (Bankr. S.D.N.Y. 1996); *In re Comstock Financial Svcs.*, 111 B.R. 849, 855 (Bankr. C.D. Cal. 1990); *In re PCH Assoc.*, 122 B.R. 181, 196 (Bankr. S.D.N.Y. 1990); *D. M. Barber, Inc. v. Valverde (In re D. M. Barber, Inc.)*, 13 B.R. 962, 965 (Bankr. N.D. Tex. 1981); *See also Canal Corp. v. Finnman (In re Johnson)*, 960 F.2d 396, 404 (4th Cir. 1992). Any question that the bankruptcy court is without subject matter jurisdiction to make determinations of its claims has no merit.

28.    The issue really raised by the Liquidator is whether the Bankruptcy Court must allow the Ohio Court to rule on the proofs of claim filed by the Trustee on behalf of the PRS Group in the CGIC liquidation <u>before</u> the Bankruptcy Court can hear this adversary proceeding and adjudicate CGIC's claim. There might be some merit to this argument if the Trustee were seeking to recover property from CGIC's estate, but it is not. The Bankruptcy Court, the District Court and other courts have uniformly recognized that when the Liquidator

11

files actions against third parties in other courts, those actions are not protected by the McCarran-Ferguson Act. *See Suter v. Munich Reins. Co.*, 223 F.3d 150, 161 (3d Cir. 2000) (holding that the McCarran-Ferguson Act did not deprive the federal district court of jurisdiction over an action brought by the liquidator of an insolvent insurance company against its reinsurer in state court seeking to recover reinsurance proceeds that was removed to federal court); *Gross v. Weingarten*, 217 F.3d 208, 222 (4th Cir. 2000) (holding that the McCarran-Ferguson Act did not deprive the federal district court of jurisdiction over an action brought by the receiver of a life insurance company against the directors and shareholders of the insurer's parent company in which the directors and shareholders asserted counterclaims).

29.   Second, the Liquidator does not identify any case, indeed the Trustee is aware of none, that has held the McCarran-Ferguson Act preempts a bankruptcy court from allowing or disallowing claims in the bankruptcy case. Indeed, in an analogous situation, the Third Circuit has held that a federal court has jurisdiction to compel a receiver to participate in an arbitration proceeding in the face of a McCarran-Ferguson Act objection. *See Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 160-62 (3d Cir. 2000); *Gross v. Weingarten*, 217 F.3d 208, 222 (4th Cir. 2000); *Koken v. Cologne Re (Barbados)*, 34 F. Supp.2d 240, 256 (M.D. Pa. 1999).

30.   Third, an immediate appeal of the Bankruptcy Court's interlocutory rulings will not advance the ultimate termination of the litigation. Even if this Court agreed with the Liquidator and allowed the Ohio Court to make the factual determinations underpinning the Trustee's preference and fraudulent transfer claims, the ultimate question of whether CGIC's claim should be disallowed under Bankruptcy Code § 502(d) or equitably subordinated under Bankruptcy Code § 510(c) would inevitably have to be adjudicated before the Bankruptcy Court. *See e.g., Pepper v. Litton*, 308 U.S. 295, 306 (1939) (holding that the doctrine of *res judicata* did

12

not prevent the court from disallowing or subordinating a claim because "a bankruptcy court has full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence.  And the mere fact that a claim has been reduced to judgment does not prevent such an inquiry") (internal citation omitted); *In re D. M. Barber, Inc.*, 13 B.R. 962, 965 (Bankr. N.D. Tex. 1981) (holding that the bankruptcy court "retains the exclusive jurisdiction to determine the extent to which any such proof of claim should be allowed and priority treatment accorded it under the distribution hierarchy set forth in the Bankruptcy Code."); 4 *Collier on Bankruptcy* ¶ 502.030[1][a] (Alan N. Resnick & Henry J. Sommer eds. 15th ed. rev. 2005) (stating that "[r]egardless of the method chosen for liquidation of a claim, the bankruptcy court always retains the jurisdiction and sole right to determine the 'allowability' of the claim under the applicable standards set forth in section 502").  Therefore, waiting for the Ohio state court to weigh in before making that determination does not speed things up, it slows them down.  This prong of the analysis is clearly not met.  *See Orson, Inc.*, 867 F. Supp. at 322.

       31.    The Trustee has filed a reorganization plan in this case.  Confirmation of the plan is stalled pending the resolution of this adversary proceeding.  This bankruptcy case will continue until CGIC's claim is adjudicated by the Bankruptcy Court.

       32.    In brief, the Liquidator has failed to conclusively demonstrate that *any* of the three prongs of the test for granting an immediate appeal of an interlocutory order have been met.  In addition, there are no extraordinary circumstances here, only one party trying to extract a federal process from a federal court and place it in the hands of a more friendly state court.  Leave to appeal is not justified in this case.

*IV.*    ***Conclusion***

      For all of the foregoing reasons, the PRS Group respectfully requests that the

Court deny the Liquidator's Motion for Leave to Appeal.

Dated: Wilmington, Delaware
      January 13, 2006

                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                    Maureen D. Luke (No. 3062)
                    Edward J. Kosmowski (No. 3849)
                    The Brandywine Building, 17th Floor
                    1000 West Street, PO Box 391
                    Wilmington, Delaware 19899-0391
                    Telephone:  (302) 571-6600

                          and

                    BINGHAM McCUTCHEN LLP
                    Harold S. Horwich
                    Stephen M. Hryniewicz
                    One State Street
                    Hartford, Connecticut 06103
                    Telephone:  (860) 240-2700
                    Facsimile:  (860) 240-2800

                    Co-counsel for the Chapter 11 Trustee
                    and Debtor Subsidiaries

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2006, I caused a true and correct copy of the attached pleading to be served via hand delivery, on the following parties:

Margaret Harrison, Esquire
Office of the United States Trustee
844 King Street, Suite 2313
Lock Box 35
Wilmington, DE 19801

Steven K. Kortanek, Esquire
Klehr Harrison Harvey Branzburg & Ellers
919 Market Street, Suite 1000
Wilmington, DE 19801

Counsel for CGIC

Maureen D. Luke (No. 3062)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
bankruptcy@ycst.com

Attorneys for Chapter 11 Trustee and Subsidiary Debtors

DB01:1964292.1

058421.1001